# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SARAH F. RIFENBURG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:16-CV-03195-DGK |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Sarah Rifenburg petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The administrative law judge ("ALJ") found Plaintiff had multiple severe impairments, including obesity, lumbar spine degenerative disc disease, lumbar spine peripheral neuropathy, degenerative arthritis of the bilateral knees, chronic obstructive pulmonary disease, and thyroid disease, but retained the residual functional capacity ("RFC") to perform her past relevant work as a tourist information assistant.

As explained below, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is therefore AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending applications on July 8, 2013, alleging a disability onset date of May 1, 2010. The Commissioner denied the applications at the initial claim level, and Plaintiff

appealed the denial to an ALJ. On October 16, 2014, the ALJ held a hearing and on March 2, 2015, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on March 22, 2016, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred by discounting: (1) the opinion of a nurse practitioner; and (2) Plaintiff's credibility. Due to these alleged errors, Plaintiff asserts the ALJ's RFC finding was not supported by substantial evidence.

### I.  The ALJ did not err in discounting the opinion of a nurse practitioner.

First, Plaintiff argues the ALJ erred in discounting the opinion of nurse practitioner Stephanie Voorhis, NPC ("Ms. Voorhis") and, as a result, the ALJ's RFC findings were not supported by substantial evidence.

"[T]o establish a disability or impairment, the Social Security Administration requires 'evidence from acceptable medical sources.'" *Crawford v. Colvin*, 809 F.3d 404, 408 (8th Cir. 2015) (quoting 20 C.F.R. § 416.913(a)). The list of acceptable medical sources includes licensed physicians, psychologists, and optometrists. 20 C.F.R. § 416.913(a). In addition to these acceptable medical sources, an ALJ may consider evidence from other sources, including nurse practitioners and social welfare agency personnel. *Id.* §§ 416.913(d)(1), (d)(3). An ALJ has discretion to consider opinions from these other sources "*so long as* [they are] not wholly inconsistent with other opinions." *Crawford*, 809 F.3d at 408.

Here, the ALJ found Plaintiff was able to sit six hours per day, thirty minutes at a time, and stand or walk for two hours a day, thirty minutes at a time. R. at 18. In making this finding, the ALJ gave little weight to Ms. Voorhis's report that Plaintiff was "only capable of sitting for two hours in an eight hour day, and standing for two hours in an eight hour day." R. at 17, 351. The ALJ rejected this finding for two reasons. First, Ms. Voorhis's report did "not account for

---

to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

what position the claimant would need to assume for the remaining four hours" and indicates Plaintiff "would not need to elevate her legs, suggesting [Ms. Voorhis] does not think [Plaintiff] would need to be supine during those four hours." R. at 17, 351-52. Second, Ms. Voorhis's report was inconsistent with that of an acceptable medical source, Charles J. Ash, M.D. ("Dr. Ash"). Dr. Ash opined Plaintiff was able to stand or walk for two hours in an eight-hour workday, one hour at a time, and sit for an entire eight-hour workday. R. at 381.

Because the ALJ relied on conflicting record evidence from an acceptable source in formulating Plaintiff's RFC—even finding Plaintiff was *more* limited than the assessment provided by Dr. Ash—the Court finds the ALJ did not err in discounting Ms. Voorhis's opinion. *See Lacroix v. Barnhart*, 465 F.3d 881, 887-88 (8th Cir. 2006) (upholding ALJ decision to give nurse practitioner and therapist opinions less weight where those opinions were inherently inconsistent and inconsistent with other evidence in the record).

## II. The ALJ did not err in discounting Plaintiff's testimony.

Next, Plaintiff argues the ALJ erred in discounting her subjective reports of pain.

In judging the credibility of a claimant's subjective complaints of pain, an ALJ must examine several factors: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the dosage, effectiveness and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions (the "*Polaski* factors"). *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Other relevant factors include the claimant's past relevant work history and the absence of objective medical evidence in support of the complaints. *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). The ALJ need not explicitly discuss each factor. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996).

In making his credibility finding and the ultimate RFC finding, the ALJ discussed: inconsistencies between Plaintiff's complaints, medical records, and Plaintiff's daily activities, *see, e.g.*, R. at 17 (noting the "evidence shows that the claimant continued to work well after her alleged onset date"), 147-51 (indicating Plaintiff cooks, cleans, takes care of pets, goes fishing, and attends church), 303 (reporting Plaintiff "independently ambulated . . . with no assistive device and demonstrated no significant gait deviations"); *compare* R. at 39 (testimony that her medications have side effects) *with* R. at 350 (treatment notes indicating Plaintiff's medications do not have side effects); Plaintiff's conservative treatment, *see e.g.*, R. at 16-17 (noting "claimant's medical treatment has been sporadic and limited to conservative outpatient medication management"); and reports of good results from Plaintiff's treatment, R. at 17. Each of these factors supports the ALJ's decision to discount Plaintiff's credibility and formulate an RFC that was less limiting than Plaintiff's allegations.

Because the ALJ's credibility determination was supported by good reasons and record evidence, the Court will defer to his evaluation of Plaintiff's subjective complaints. *See Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014) ("We defer to the ALJ's evaluation of [a plaintiff's] credibility provided that this determination is supported by good reasons and substantial evidence.") (internal quotations omitted).

**Conclusion**

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  June 16, 2017                 /s/ Greg Kays
                                                   GREG KAYS, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT